***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted August 30, afffirmed October 4, 2023,
petition for review denied March 7, 2024 (372 Or 107)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DAWSON ROGUE MARTIN,
*Defendant-Appellant.*

Curry County Circuit Court
21CR51739; A177782

Jesse C. Margolis, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Daniel C. Silberman, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Michael A. Casper, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Defendant appeals from a judgment of conviction after a jury trial for assault in the fourth degree constituting domestic violence, ORS 163.160, menacing constituting domestic violence, ORS 163.190, and harassment, ORS 166.065. He assigns one error, arguing that the trial court erred in denying his motion for judgment of acquittal on the menacing charge. We affirm.

Viewing the evidence in the light most favorable to the state, the record shows that defendant twice pushed his 78-year-old grandmother with enough force that she fell to the ground and landed on her hip, after he threatened to kill her earlier in the day. *See State v. Davis*, 261 Or App 38, 39, 323 P3d 276 (2014) (describing our standard of review). Defendant argues that that evidence was insufficient to prove that a reasonable person would have feared imminent serious physical injury. *See* ORS 163.190(1) ("A person commits the crime of menacing if by word or conduct the person intentionally attempts to place another person in fear of imminent serious physical injury."); *State v. C. S.*, 275 Or App 126, 130, 365 P3d 535 (2015) ("[T]he standard is whether a 'reasonable person' would have been placed in the requisite state of fear." (Citations omitted.)). We disagree because, "in the totality of the circumstances"—which include defendant's and his grandmother's relative ages and sizes—a factfinder could reasonably conclude that a person in the position of defendant's grandmother would have feared imminent serious physical injury. *Id.* at 132 (emphasis omitted).

Affirmed.